UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTON MENDOZA RODRIGUEZ (A# 248-001-457),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06130-DC-SCR (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 6) |

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 6.) On August 23, 2026, Respondent objected "to the findings and recommendations for the reasons stated in the Return on Petition for Writ of Habeas Corpus." (Doc. No. 7.) However, those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S.

immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

However, consistent with this court's previous decisions, the court finds that requiring Respondent to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioners in *Maciel* and *Zuniga Cruz* who had no criminal record and were ordered released, Petitioner here was transferred to immigration custody from the North Kern State Prison where he was serving a sentence for driving under the influence. (Doc. No. 5 at 1, 16–18.) This court has previously found that where it appears there may have been a non-pretextual basis to promptly detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *See, e.g.*, *Zejada v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the petitioner was detained by immigration authorities following his arrest for the crime of threatening another with the intent

to terrorize, for which he had a pending felony charge).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 21, 2026 (Doc. No. 6), are ADOPTED IN PART;
2. Petitioner Oton Mendoza Rodriguez's (A# 248-001-457) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows;
    a. Within fourteen (14) days of the date of entry of this order, Respondent is ORDERED to provide Petitioner with a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
    b. Respondent is ORDERED to provide Petitioner with no fewer than seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;
    c. If Respondent fails to comply with the above, Petitioner shall be immediately released from Respondent's custody; and
    d. Within seventeen (17) days of the date of entry of this order, Respondent is ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;
3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and
4. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 1, 2026**

Dena Coggins
United States District Judge